UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ADAM RANDOLPH POWELL,

Plaintiff,

v.

JONES, et al.,

Defendants.

No.  2:24-cv-1780 DAD CKD P

ORDER

Plaintiff, a state prisoner, proceeds pro se and in forma pauperis and seeks relief under 42 U.S.C. § 1983. This case proceeds on plaintiff's Eighth Amendment claims against defendant Jones for excessive force and against defendant Carpenter for failure to protect. (ECF No. 1; see also ECF No. 8.) Plaintiff's request for clarification is before the court.

The court previously set a schedule for this case under which the close of discovery was set for January 20, 2026, and dispositive motions were due by April 20, 2026. (See ECF No. 21.) On January 20, 2026, defendants filed a motion to compel discovery responses from plaintiff. Also on that date, the Clerk of the Court docketed plaintiff's request for a 90-day extension of time for discovery. (ECF No. 23.) The court denied defendants' motion to compel without prejudice, granted plaintiff's motion for a 90-day extension of time, and ordered plaintiff to serve responses to all outstanding discovery requests within 90 days. (ECF No. 24.)

1

Plaintiff has requested clarification of the order filed on January 29, 2026, stating he explained in the motion he needed time to conduct further discovery requests. (ECF No. 25.) Therefore, plaintiff understood the motion being granted as approving his request to conduct further discovery. (Id.) Defendants, however, interpret the order as only granting the extension of time for the purpose of plaintiff responding to their outstanding discovery requests.[1] (ECF No. 26.) In hindsight, the order dated January 29, 2026, was unclear as to the purpose for the extension of time granted and both parties' interpretations are reasonable.

To prevail on a request to amend a scheduling order under Rule 16(b)(4) of the Federal Rules of Civil Procedure, the moving party must establish "good cause" for doing so. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608-09 (9th Cir. 1992). The good cause inquiry primarily centers on the moving party's diligence. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294-95 (9th Cir. 2000). Good cause to extend the discovery deadline exists "if it cannot reasonably be met despite the diligence of the party seeking the extension." Johnson, 975 F.2d at 609.

Plaintiff filed the motion for extension of time prior to the close of discovery, seeking to extend discovery, rather reopen discovery. "The difference [between the two types of requests] is considerable" because "a request for an extension acknowledges the importance of a deadline, [while] a retroactive request suggests that the party paid no attention at all to the deadline." W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1524 (9th Cir. 1990) Plaintiff was reasonably diligent in seeking the extension of time and indicated to the court he had served some discovery responses, had not received responses, and wanted to serve more.

Plaintiff also articulated reasons why he could not reasonably meet the current deadline. Specifically, plaintiff stated he had multiple court deadlines, that he was moved multiple times, denied access to the law library when moved, and attacked by an inmate on November 25, 2025, after which he was placed into "RHU" without his property. (ECF No. 23 at 1.) Although defendants dispute some of the stated reasons for needing more time, the court finds plaintiff

---

[1] Defendants also argue plaintiff seeks irrelevant information and that responses to the discovery requests will consist largely of appropriate objections. (See ECF No. 26 at 8-9, 31-49.)

2

established good cause to extend the discovery deadline for all purposes.

In light of the confusion caused by the court's January 29, 2026, order, the time for defendants to serve responses to timely-served discovery requests is extended to 30 days from the date of this order.

Good cause appearing, IT IS ORDERED as follows:

1.  Plaintiff's request for clarification (ECF No. 25) is GRANTED;

2.  The court clarifies that the January 29, 2026, order (ECF No. 24) extended the discovery deadline for all purposes.

3.  The time for defendants to serve responses to timely served discovery requests is extended to 30 days from the date of this order.

4.  As to all parties, any further motions seeking relief from the court pertaining to discovery must be filed within 45 days of the date of this order.

Dated:  April 28, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 powe1780.clar

3